IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGG ADAMS; et al.,                                    Civil No. 05-3099-CL

              Plaintiffs,                    REPORT AND RECOMMENDATION

       v.

WESTERN STATES INSURANCE
AGENCY, INC.; et al.

              Defendants.

CLARKE, Magistrate Judge:

       In this action, plaintiffs allege claims for breach of insurance contract and

negligence.  Plaintiffs seek damages, and costs and attorney's fees.  This Court

has jurisdiction pursuant to 28 U.S.C. § 1332.  Defendants Deans & Homer, Inc.,

and Hudson Insurance Company have filed a motion for summary judgment

(#48), which plaintiffs oppose.

## I.  **BACKGROUND**

Construing the facts in the light most favorable to the non-movant, the

Report and Recommendations - 1

record reveals the following[1]:

A deed of trust existed between plaintiffs Gregg and Laurel Adams and C. A. and Glenda Sue Galpin, and PremiereWest Bank ("Bank"), for the construction loan on the Yreka property (the Property).[2]  Defs. Adams Dep. at  117, ll. 5–18.

The contractor for the Property was a construction company owned by Adams and Eric Greene – Highway 62 Business Park Company. Defs. Adams Dep. at  27, ll. 14–17.

Construction on the house on the Property began and was over half completed when the house burned down on November 27, 2004.  Defs. Adams Dep. at  108, ll. 12–22.

After the fire, Adams and Noland Alston went to the branch bank; they did not find any information other than that contained in the Notice of Insurance Requirements, which identified State Farm as the intended insurer for the property.  Defs. Alston Dep. at 30, 31, ll. 15–21; Van Valkenburg Decl. Ex. 27. There was nothing else in the bank file concerning insurance.  Defs. Alston Dep. at 31,  33, ll. 3–11.

On November 29, 2004, the Monday after the fire, loan personnel at the Bank recorded that  Adams informed them that he had changed insurance agents and was now using defendant Western States Insurance Agency ("WSI").

---

[1] The Court's statement of facts takes into account its ruling on defendants' objection to the admissibility of the Carver letter offered by plaintiffs, discussed infra.

[2]  The Property is also identified in the record as "1130 Discovery."

Report and Recommendations - 2

Defs. Hernandez Dep. at  53, ll. 3-22; Van Valkenburg Decl. Ex. 40.

No one from the Bank contacted WSI at that time to tell it that the Property had burned down or to make a claim for the property loss.  Defs. Hernandez Dep. at  54, ll. 16–19.

Neither  Adams nor  Greene called anyone at WSI to ask about insurance on the Property in the months after the fire.  Defs. Adams Dep. at  127, ll. 24 to 128, ll. 7; Greene Dep. at  28, ll. 15–20.

Carmen at the Bank called Marcene Forney at WSI requesting a binder for the Property.  (Defs. Forney Dep. at 37-38; Pls. Forney Dep. at 39.)  Notes taken by Forney in connection with her conversation with Carmen include the notation, "Add to D+H policy," which Forney testified meant add to Deans & Homer existing policy; and  the notation, "11-20-04."   Pls. Forney Dep. at 39, ll. 3-7 and 19-23; 66, ll. 8-16;  92, ll. 2-10; Jarvis Decl., Ex. 3.

After her phone call, Forney filled out an application for course of construction insurance coverage relating to the Property.  Pls. Forney Dep. at 40, ll. 5-7; 18-22; Jarvis Decl., Ex. 4.  Deans & Homer has no record of receiving an application from WSI for the Property.  Middleton Dep. at  54, ll. 7 to 55, ll. 2.

Forney printed out an insurance binder dated December 30, 2004, identifying the Property.   Forney was reprimanded at her annual review for doing this.  Van Valkenburg Decl. Ex. 40;  Defs. Forney Dep. at 77, ll. 14 to 78, ll. 2.

Report and Recommendations - 3

The binder had an effective period from November 20, 2004, through February 20, 2005, and with a mailing address that no party affiliated with the Property owners or general contractor had ever resided or done business. Pls. Forney Dep. at 83, ll. 8-25; 92, ll. 2-10; Jarvis Decl., Ex. 8; Pls. Adams Decl. 111. Forney cannot remember why she used the November 20, 2004, date; it may have been suggested by someone at the Bank. Defs. Forney Dep. at 37, ll. 23 to 38, ll. 1; 94, ll. 11–13.

Forney testified that she printed this binder because the Bank "was demanding it." Defs. Forney Dep. at 67, ll. 24 to 68, ll. 3.

The binder does not identify Hudson as the issuing company. Van Valkenburg Decl. Ex. 8. WSI uses "misc. one time company" as a reference to "Any company" not input in their TAM system; Deans & Homer was not "in there." Defs. Forney Dep. at 92, ll. 21 to 93, ll. 13.

The binder expressly references policy #2613214, a policy in place in late 2004 with Hudson Insurance Company that was issued through Deans and Homer and which covered various other properties under construction to which Premier Building, LLC, Gregg Adams, and Eric Greene were the named insureds. Pls. Forney Dep. at 93, ll. 11-25; Pls. Colson Dep. at 23, ll. 3-7; 41, ll. 14-18; Jarvis Decl., Ex. B.

The date shown as the date on which the binder is issued cannot be changed. Defs. Forney Dep. at 43, ll. 12–17.

Report and Recommendations - 4

Prior to March 31, 2005, Adams had not seen a binder from any source concerning the Property. Defs. Adams Dep. at 80, ll. 4–7.

While Adams was standing in line at the Bank, Bank employee Carmen Hernandez came to him and gave him a copy of the binder. Defs. Adams Dep. at 76, ll. 9-18.

Adams has testified that seeing this binder–four months after the loss–reminded him of a meeting he and Greene had with Ed Colson of WSI prior to the fire. Defs. Adams Dep. at 62, ll. 19-22.

Sometime prior to November 20, 2004, Adams discovered that there was no course of construction coverage in place to insure the improvements under construction at the Property. Pls. Adams Decl. 78. Upon making this discovery and prior to November 20, 2004, Adams and Greene went to WSI's Ashland office and met with Colson to obtain coverage for the Property and one other property under construction in Talent, Oregon. Pls. Adams Decl. 78.

According to Adams, at this meeting in November 2004, he and Greene told Colson that they needed insurance coverage on the Property. Although Adams could not remember Colson's exact words, Adams testified that Colson said something to the effect that "he would take care of it." Defs. Adams Dep. at 65, ll. 10-14.

Based upon his prior dealings with WSI and Colson, in which course of construction coverage was placed by WSI for improvements under construction

Report and Recommendations - 5

on other properties,  Adams did not believe any additional steps were necessary

in order to procure coverage for the improvements on the Property, including

agreement as to the amount of premium to be due and owing for the subject

coverage.  Pls. Adams Decl. 710.

With respect to what company might have issued the coverage,  Adams

testified that no company was identified during the discussion with  Colson.

Defs. Adams Dep. at 142, ll. 7–17.  During the meeting, defendant Hudson was

not mentioned, nor was defendant Deans & Homer.  Defs. Adams Dep. at 142, ll.

7-17.  Greene, who participated in the meeting with  Colson, testified that he had

never heard of Hudson Insurance Company or Deans & Homer before this

lawsuit was brought.  Defs. Greene Dep. at  43, ll. 22 to  44, ll. 9.

Colson has no recollection of ever discussing the Property with anybody at

Premier Building.  Defs. Colson Dep. at  25, ll. 21 to  26, ll. 15.

Colson's understanding is that Deans & Homer "had not accepted the

risk."  Defs. Colson Dep. at  43, ll. 2-5.

Adams acknowledges that he has never had contact with anyone at either

Hudson or Deans & Homer.  Defs. Adams Dep. at 107, ll. 11-16.

Whether property has been destroyed is a material fact in the

consideration of whether or not to issue insurance on the property.  Middleton

Decl. at ¶ 4.

WSI is not a "captive" agency of Hudson Insurance Company.  WSI works

Report and Recommendations - 6

with insurance companies other than Hudson.  Middleton Decl. at ¶ 3.

Deans & Homer is a managing general agent for specific insurers, including Hudson.  It has a contractual relationship with the insurance companies it represents, but it is not an insurer and does not become a party to an insurance policy.  Middleton Decl. at ¶ 2.

In and around November 27, 2004 (when the structure burned down in the fire that is the subject of this lawsuit), WSI had placed course of construction coverage for various other residences Premier Building, LLC had under construction.  Pls. Adams Decl. at 76.

With respect to dealings with Premier Building, LLC, the initial contact at WSI would be through Colson, and Forney would have "executed and put together the applications and insured the locations."  Pls. Colson Dep. at 12, ll. 4-10.

Forney has full authority to sell insurance without any legal requirement that she is aware of that she be supervised.  Pls. Forney Dep. at 9, line 25; 10, ll. 1-6.

## II.  **LEGAL STANDARDS**

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ."  Fed. R. Civ. P. 56©); <u>Freeman v. Oakland Unified Sch.</u>

Report and Recommendations - 7

Dist., 291 F.3d 632, 636 (9th Cir. 2002).  The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact.  Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).  The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact.  Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party.  Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).  All reasonable inferences are drawn in favor of the non-movant.  Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986).  If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case.

Report and Recommendations - 8

THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968).  Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

## III.  DISCUSSION

Defendants contend that they are entitled to summary judgment because there is no evidence of any contract of insurance or commitment to insure between plaintiffs and either Hudson or Deans & Homer.

As an initial matter, the Court will consider defendants' objection to the admissibility of the Minder Carver letter, (Jarvis Decl. Ex. A), offered by plaintiffs in opposition to defendants' motion.  Defendants contend that the statements in the letter are inadmissible hearsay as to which the exception to the hearsay rule for statements made by a party opponent does not apply because Ms. Carver is the attorney for defendant WSI.  They also contend that the statements in the letter are not relevant, since   Carver acknowledges that her statements are based on an incomplete investigation of the facts.  Plaintiffs respond that Carver's statements are admissible against defendant Deans & Homer as admissions of a party's agent.

Report and Recommendations - 9

As indicated at the hearing on this motion, the Court finds that plaintiffs have not met their burden of pointing to an applicable exception to the hearsay rule which would allow the Court to consider Carver's letter.  Plaintiff asserts that the statements are admissible under Federal Rules of Evidence 801(d)(2)(D) as admissions of a party's agent.

The letter is written on WSI letterhead and is signed by Carver as, "Vice President, Legal & Governmental Affairs."  The context of the letter makes clear that she was legal counsel for WSI and was acting on behalf of WSI, and for no other.  Whatever agency relationship may have existed between WSI and Deans & Homer, plaintiffs have not shown that Carver was acting as an agent in connection with that agency relationship when she made the statements in the letter.

Nor does the Court find that the catch-all exception to the hearsay rule applies here, Fed. R. Evid. 807.  Because Carver prefaces her letter with the statement that she had not fully completed her investigation, the letter is inherently unreliable.

Defendants' objection to the admissibility of the Carver letter, (Jarvis Decl. Ex. A), is sustained, and the Carver letter will not be considered by the Court.

On the merits of their motion, defendants contend that, assuming plaintiffs' version of the facts offered in opposition are taken as true, there is no

question of material fact as to whether a binding contract of insurance existed

between defendant Hudson or Deans & Homer and plaintiffs.  They contend that,

at most, there was a promise to procure insurance made by defendant WSI

which cannot bind either moving defendant.  Plaintiffs respond that genuine

issues of material fact exist as to whether there was a commitment to insure and

whether a binder was issued prior to the date of loss.

The fire which destroyed the construction on the Property at issue in this

case occurred on November 27, 2004.  It is undisputed that Ms. Forney of WSI

generated an insurance binder on December 30, 2004, covering the Property,

which states an effective date of November 20, 2004.

Taking the evidence in the light most favorable to plaintiffs, the record

reveals the following:  plaintiff Gregg Adams and Eric Greene met with Ed Colson

of WSI in November 2004 before the fire to obtain coverage on the property; at

the meeting, they gave Colson the information he needed to place coverage on

the property, and Colson said he would take care of placing the coverage;

Marcene Forney of WSI was contacted by the Bank  "Around" November 20th

requesting that a binder be issued on the Property[3]; Forney prepared an

---

[3] There are serious questions whether Ms. Forney received any call from the Bank before the fire.  Forney's testimony that she was contacted around November 20th was in the context of questions concerning Ms. Carver's letter, (Forney Dep. at 35, 37), which the Court has found is inadmissible.  Also, there is some suggestion in the record that the call from the Bank occurred in December 2004; Forney testified that her conversations with Carmen at the Bank occurred in December 2004, (Forney Dep. at 65, 68), and she testified that she contacted Lynn Cool at Premier Building who, the record shows, did not start work until December 22, 2004, (Forney Dep. at 41, 65, 67;

application which she faxed to Chris Middleton of Deans & Homer; Middleton

called Forney to find out more information on the application; Middleton started

to give Forney a quote; and the binder generated by Forney references an

expiring Hudson policy which had been issued through Deans & Homer, and

which covered other properties under construction in which plaintiffs were the

named insureds.

However, considering all of this evidence, the Court finds that it does not

raise an issue of material fact as to whether there was a binding insurance

contract between plaintiffs and defendant Hudson Insurance Company prior to

the fire on November 27, 2004.  It is undisputed that the binder issued by

Forney does not identify defendant Hudson Insurance Company as the issuing

company; in the space for the insurance company, "Misc. One Time Company" is

listed.  See ORS 742.023 ("(1) Every policy shall specify:  (a) The names of the

parties to the contract. . . .")  More significantly, even if the Court considers

Forney's notation "Add to D+H policy," and her testimony that "Misc. One Time

Company," was used because Deans & Homer was not in their system, as an

intention by her to add coverage on the Property to the Hudson policy existing at

that time, there is no evidence which shows that Hudson or Deans & Homer

acting on behalf of Hudson, agreed to bind the risk before the fire.  The only

evidence in that regard, considering all reasonable inferences in plaintiffs' favor,

---

Greene Dep. at 32).

Report and Recommendations - 12

is that Middleton from Deans & Homer, after receiving the insurance application from Forney, "started to give [Forney] a quote."[4]  (Pls. Forney Dep. at 46.)

In support of their contention that material questions of fact exists whether coverage was placed on the Property prior to the fire, plaintiffs offer evidence of a  Producers Agreement between WSI and Deans & Homer, and a General Agency and Reinsurance Agreement between Deans & Homer and Hudson, and contend that WSI had actual and apparent authority to bind Hudson to coverage through Deans & Homer.  The Court finds that this evidence is not relevant in the context of this case, where it has not been shown that an effective insurance binder was issued prior to the fire.

In any event, summary judgment is appropriate as to defendant Deans & Homer on plaintiffs' breach of contract claim against it, since defendant is a managing general agent and not an insurer.

Defendants also move for summary judgment on plaintiffs' negligence claim against defendant Deans & Homer.  Plaintiffs do not respond to defendants' motion as to this claim.  Plaintiffs' proposed amended complaint, which the Court has allowed, omits the negligence claim against defendant Deans & Homer.

//

---

[4] The record includes evidence that Colson of WSI testified that it was his understanding that the managing general agent–Deans & Homer–had not accepted the risk.  He also testified that it was his understanding that WSI could bind coverage on behalf of Deans & Homer only with prior approval.

Report and Recommendations - 13

## IV.  RECOMMENDATION

Based on the foregoing, it is recommended that the motion for summary judgment brought by defendants Deans & Homer, Inc., and Hudson Insurance Company  (#48) be granted, and that plaintiffs' claims against defendants Deans & Homer, Inc., and Hudson Insurance Company be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  Objections to these Findings and Recommendation, if any, are due on May 25, 2007.  If objections are filed, any responses to the objections are due 14 days after the objections are filed.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this __11____ day of May, 2007

____/s/_____
Mark D. Clarke
United States Magistrate Judge